## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT WICHITA, KANSAS

| | |
|---|---|
| JOYCE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| | ) |
| DOLLAR GENERAL | ) |
| CORPORATION, a foreign | ) |
| for profit corporation, and | ) |
| DG RETAIL LLC, a limited | ) |
| liability company, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **COMPLAINT**

COMES NOW Plaintiff, JOYCE MILLER, by her counsel, William L. Barr, Jr. and Tony L. Atterbury of Bull Attorneys, P.A. pleading hypothetically and in the alternative for her claims against Defendants, DOLLAR GENERAL CORPORATION, (DOLLAR GENERAL) and DG RETAIL, LLC (DG RETAIL) alleges and states:

### **PRELIMINARY STATEMENT OF FACTS**

1. Plaintiff, JOYCE MILLER, is a resident of Kansas.

2. This Court has proper venue and jurisdiction over the parties and subject matter.

3. Defendant, DOLLAR GENERAL CORPORATION (DOLLAR GENERAL) is a Tennessee for profit corporation which has its headquarters in Goodlettsville, Tennessee. It owns, maintains, and operates discount retail sales stores at locations throughout Kansas and the United States. It may be served at its headquarters c/o its General Counsel, Rhonda Taylor, 100 Mission Ridge, Goodlettsville, Tennessee 37072.

4. Defendant, DG RETAIL LLC (DG RETAIL), is a single member limited liability

1

company organized under the laws of Tennessee. It may be served through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

5. The single member of Defendant, DG RETAIL, is not a citizen or resident of Kansas.

6. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

7. Prior to and on June 25, 2020 Defendants, DOLLAR GENERAL and DG RETAIL, owned, leased or operated various retail stores throughout the United States as well as in Kansas.

8. Prior to and on June 25, 2020 Defendants, DOLLAR GENERAL and DG RETAIL, owned, leased, operated or maintained a retail store located at 180 N. Main Street in Haysville, KS.

9. On June 25, 2020, an employee of Defendants, DOLLAR GENERAL and DG RETAIL, spilled clear shampoo on an aisle floor in the store in front of a check-out counter.

10. On June 25, 2020 Plaintiff was shopping at the above-mentioned, DOLLAR GENERAL, store and was walking toward the check-out counter to purchase her selected items.

11. At the above-mentioned time and place and at all times herein relevant Plaintiff, JOYCE MILLER, was properly and lawfully on the above-mentioned premises of Defendants, DOLLAR GENERAL and DG RETAIL, as a business invitee.

12. At the above-mentioned time and place and at all times herein relevant Plaintiff, JOYCE MILLER, was in the exercise of reasonable care for her own safety.

13. At the above-mentioned time and place, while walking toward the check-out counter of the subject DOLLAR GENERAL, store, Plaintiff, JOYCE MILLER, slipped and fell on the spilled shampoo that was on floor of the aisle of the subject DOLLAR GENERAL store.

14. Immediately after Plaintiff, JOYCE MILLER, fell she was helped up by a DOLLAR

GENERAL and/or DG RETAIL, employee who admitted that she had spilled the shampoo on the floor of the customer aisle and had tried, unsuccessfully, to wipe it up. This employee further stated that she had not seen the puddle of shampoo she had left on the floor that had caused Plaintiff, JOYCE MILLER, to slip and fall since it was clear and hard to see.

15. At the above-mentioned time and place no "wet or slippery floor" warning signs had been placed in the area of the shampoo spill where Plaintiff had slipped and fallen.

16. At the above-mentioned time and place as a proximate result of her fall Plaintiff, JOYCE MILLER, suffered severe and permanent injuries to her left ankle, left knee, left foot, left wrist, left shoulder, neck and back.

## COUNT I – WRONGFUL CONDUCT – DOLLAR GENERAL

17. For paragraph 17 Plaintiff re-alleges and incorporates paragraphs 1-16 as though fully set forth herein

18. At the abovementioned time and place and at all other times herein relevant, Defendant, DOLLAR GENERAL, by and through its employees and agents acting wantonly, willfully, and knowingly by committing one or more of the following wrongful acts or omissions:

   a) Creating a dangerous slip hazard by spilling clear shampoo on the floor of the check-out aisle its store where it knew its customers would be walking;

   b) Failing to warn of this unmarked slip hazard on the floor of its premises;

   c) Failing to mark this dangerous slip hazard in front of the store's check-out counter;

   d) Creating a dangerous slippery condition on the floor of its premises;

   e) Knowingly endangering the safety of invitees who walked into its premises;

   f) Knowingly failing to maintain its premises in a reasonably safe condition;

   g) Wantonly and knowingly failing to warn of a dangerous slip hazard on its premises;

   h) Wantonly failing to mark a slip hazard created in a high traffic area of its premises;

   i) Wantonly failing to post signs warning of a dangerous slippery condition in its store;

3

    j)     Wantonly failing to train employees to recognize and correct dangerous slip hazards;

    k)     Failing to train its store employees to barricade and sign dangerous slip hazards;

    l)     Failing to train its store employees to clean up slip hazards created by spills;

    m)     Wantonly failing to train its managers to monitor the conduct of its employees in dealing with hazards they discover or create within the store;

    n)     Failing to train its managers/employees regarding basic rules of customer safety; and

    o)     Other knowing, willful, wanton or negligent actions and omissions that will be determined during the course of discovery.

19. As a proximate result of one or more of the above mentioned negligent, knowing, willful and wanton acts or omissions by Defendant, DOLLAR GENERAL, Plaintiff, JOYCE MILLER, was proximately caused to fall on the floor of the customer aisle and was severely injured. She suffered injuries to her left shoulder including full thickness tears to her supraspinatus and infraspinatus tendons (rotator cuff) in her left shoulder. She has also suffered injury to her body, cervical discs and the meniscus of her left knee. She has suffered and will suffer great pain, disablement, disfigurement, has incurred and will incur great medical expense, and will undergo surgery. She has and will suffer the loss of enjoyment of life. For the aforementioned injuries she has sustained she has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT II – WRONGFUL CONDUCT – DG RETAIL

20. For paragraph 20 Plaintiff re-alleges and incorporates paragraphs 1-19 above, as though fully set forth herein.

21. At the abovementioned time and place and at all other times herein relevant, Defendant, DG RETAIL, by and through its employees and agents acting wantonly, willfully, and knowingly by committing one or more of the following wrongful acts or omissions:

    a)     Creating a dangerous slip hazard by spilling clear shampoo on the floor of the

4

     check-out aisle its store where it knew its customers would be walking;

b)  Failing to warn of this unmarked slip hazard on the floor of its premises;

c)  Failing to mark this dangerous slip hazard in front of the store's check-out counter;

d)  Creating a dangerous slippery condition on its premises;

e)  Knowingly endangering the safety of invitees who walked into its premises;

f)  Knowingly failing to maintain its premises in a reasonably safe condition;

g)  Wantonly and knowingly failing to warn of a dangerous slip hazard on its premises;

h)  Wantonly failing to mark a slip hazard created in a high traffic area of its premises;

i)  Wantonly failing to post signs warning of a dangerous slippery condition in its store;

j)  Wantonly failing to train employees to recognize and correct dangerous slip hazards;

k)  Failing to train its store employees to barricade and sign dangerous slip hazards;

l)  Failing to train its store employees to clean up slip hazards created by spills;

m)  Wantonly failing to train its managers to monitor the conduct of its employees in dealing with hazards they discover or create within the store;

n)  Failing to train its managers/employees regarding basic rules of customer safety; and

o)  Other knowing, willful, wanton or negligent actions and omissions that will be determined during the course of discovery.

22. As a proximate result of one or more of the above mentioned negligent, knowing, willful and wanton acts or omissions by Defendant, DG RETAIL, Plaintiff, JOYCE MILLER, was proximately caused to slip and fall on the floor of the customer aisle and was severely injured. She suffered injuries to her left shoulder including full thickness tears to her supraspinatus and infraspinatus tendons (rotator cuff) in her left shoulder. She has also suffered injury to her body, cervical discs and her left knee. She has suffered and will suffer great pain, disablement, disfigurement, has incurred and will incur great medical expense, and has undergone and will undergo surgery. She has and will suffer the loss of enjoyment of life. For the aforementioned injuries she has sustained she has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, JOYCE MILLER, prays for judgment against Defendants, DOLLAR GENERAL and DG RETAIL, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her costs incurred in bringing this action, and for such other and further relief as the Court deems just and equitable.

**BULL ATTORNEYS, P.A.**

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314
*/s/ William L. Barr, Jr.*
William L. Barr, Jr., # 26775
10111 E. 21st Street, Suite 204
Wichita, Kansas 67206
316-684-4400/Fax: 316-684-4405
Tony@bullattorneys.com
bill@bullattorneys.com
*Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

**BULL ATTORNEYS, P.A.**

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314

6

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Wichita, Kansas as the place for trial in this matter.

        **BULL ATTORNEYS, P.A.**

        */s/ Tony L. Atterbury*
        Tony L. Atterbury, #20314